<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ROMULO GREGORIO,<br><br>                  Plaintiff,<br><br>     v.<br><br>BRUCE DAVIS, et al.,<br><br>                  Defendants. | Civil Action No. 24-76 (ZNQ) (TJB)<br><br>**OPINION** |

<u>**QURAISHI, District Judge**</u>

This matter comes before the Court on the Court's *sua sponte* screening of Plaintiff's complaint. (ECF No. 1.) Because Plaintiff was previously granted *in forma pauperis* status in this matter, (*see* ECF No. 8), this Court is required to screen his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and dismiss any claim which is frivolous, malicious, fails to state a claim for relief, or seeks relief from an immune defendant. For the reasons set forth below, Plaintiff's complaint shall be dismissed without prejudice for failure to state a claim for which relief may be granted.

**I.    BACKGROUND**

Plaintiff is a convicted state prisoner who is imprisoned in New Jersey State Prison. (ECF No. 1 at 2.) In July 2023, he reported having issues with congestion, a sore throat, and post-nasal drip to medical staff. (*Id.* at 4.) Staff provided Plaintiff with lozenges and Mucinex for his congestion. (*Id.*) Plaintiff returned to the medical staff the same day, but was told after examination that there were no signs of stress in his lungs or throat, and no clear issue in need of

more specific treatment. (*Id.* at 4-5.) Plaintiff returned again to the medical staff in mid-August, continuing to complain of post-nasal drip and his concern that it would cause breathing issues during his sleep. (*Id.* at 5.) Plaintiff continued to return several times between mid-August and early October, complaining of post-nasal drip, mucus, sore throat, and issues with belching. (*Id.* at 5-7; ECF No. 1-1 at 4-11.) Plaintiff was provided protonix for GERD, to which his belching issues were apparently related, nasocourt for nasal congestion and allergies, and told by staff that there were no other signs or indications of a need for more invasive treatment. (ECF No. 1 at 5-7; ECF No. 1-1 at 4-11.) Plaintiff's medical records indicate that he was seen, evaluated, and provided treatment for these conditions repeatedly during the early to mid-fall of 2023. (ECF No. 1-1 at 4-11.) Plaintiff does not allege that he was later diagnosed with a more serious issue which was ignored or missed, but rather that he merely disagrees with the course of treatment he received and asserts that he believes he was not adequately treated.

## II.     LEGAL STANDARD

Because Plaintiff has been granted *in forma pauperis* status, this Court is required to screen his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). Pursuant to the statute, this Court must *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.* "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)).

In deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a district court is required to accept as true all factual allegations in the complaint and draw all reasonable inferences

from those allegations in the light most favorable to the plaintiff, *see Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008), but need not accept as true legal conclusions couched as factual allegations. *Papasan v. Allain*, 478 U.S. 265, 286 (1986). A complaint need not contain "detailed factual allegations" to survive a motion to dismiss, but must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint "that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" and a complaint will not "suffice" if it provides only "'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 555, 557 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). A complaint that provides facts "merely consistent with" the defendant's liability "stops short of the line between possibility and plausibility" and will not survive review under Rule 12(b)(6). *Id.* (quoting *Twombly*, 555 U.S. at 557). While *pro se* pleadings are to be liberally construed in conducting such an analysis, *pro se* litigants must still "allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

III.   **DISCUSSION**

In this matter, Plaintiff seeks to assert claims that he received inadequate medical treatment for post-nasal drip and related issues in the fall of 2023 at New Jersey State Prison. To establish

liability for an Eighth Amendment[1] medical claim, a plaintiff must show that the defendant was deliberately indifferent to his medical needs. *Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 582 (3d Cir. 2003). This requires both that the plaintiff show that he had a sufficiently serious medical need, and that the defendant engaged in actions or omissions which indicate that he knew of and disregarded "an excessive risk to inmate health or safety." *Id.* (quoting *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)). A medical need is sufficiently serious where it "has been diagnosed as requiring treatment or [is a need that] is so obvious that a lay person would easily recognize the necessity of a doctor's attention." *Monmouth Cnty. Corr. Inst. Inmates v. Lanzaro*, 834 F.2d 326, 347 (3d Cir. 1987), *cert denied*, 486 U.S. 1006 (1988). "'Where a prisoner has received some medical attention and the dispute is over the adequacy of treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law.'" *Everett v. Nort*, 547 F. App'x 117, 121 (3d Cir. 2013) (quoting *United States ex rel. Walker v. Fayette Cnty.*, 599 F.2d 573, 575 n. 2 (3d Cir. 1979)). In such cases, a plaintiff may generally not show deliberate indifference by merely expressing his disagreement or dissatisfaction with the defendant's course of action. *See Hairston v. Director Bureau of Prisons*, 563 F. App'x 893, 895 (3d Cir. 2014); *White v. Napolean*, 897 F.2d 103, 110 (3d Cir. 1990); *Andrews v. Camden Cnty.*, 95 F. Supp. 2d 217, 228 (D.N.J. 2000). As a claim under the Eighth Amendment requires that a defendant act with at least deliberate indifference, a species of recklessness, a claim asserting medical negligence alone is insufficient to support a claim for relief. *See Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999).

---

[1] Plaintiff asserts that his claims arise under the Fourteenth Amendment, but as he is a convicted prisoner his claims instead arise under the Eighth. As the same standard applies to both types of medical claim, however, this Court's findings would be equally applicable had Plaintiff been correct that his claims arise under the Fourteenth Amendment. *See Natale*, 318 F.3d at 581.

Here, Plaintiff essentially contends that he had an uncomfortable case of post-nasal drip, alongside apparent allergies or a cold and belching issues related to GERD, for which he was given minor medication, physical evaluations, and no further treatment other than being told that no further treatment was necessary. Plaintiff has not identified a clear and serious medical issue which was ignored, and instead he essentially asserts that he disagrees with the course of treatment, which is insufficient to support a constitutional claim for relief. Plaintiff likewise has not pled facts permitting an inference of deliberate indifference – he was seen and treated several times for these issues, and his complaint instead at most may suggest he believes staff were negligent or have committed malpractice – which also renders his claims insufficient. Plaintiff's medical claim must therefore be dismissed without prejudice for failure to state a claim for which relief may be granted.

In his complaint, Plaintiff also asserts that he wishes to raise a claim for an alleged breach of contract, which he believes also amounts to a Fourteenth Amendment violation. (*See* ECF No. 1 at 8.) Plaintiff, however, identifies no such contract, and instead his claim appears actually to be an attempt at asserting a supervisory relief medical claim based on his alleged mistreatment being the result of the prison's policies and procedures. (*Id.*) This Court thus construes this claim to be a claim for supervisory relief which must fail for the same reason as Plaintiff's direct claims – Plaintiff has not identified a sufficiently serious medical need, nor pled sufficient facts to indicate that Defendants were deliberately indifferent to his medical needs. Plaintiff's supervisory claim is therefore also dismissed without prejudice for failure to state a plausible claim for relief. Plaintiff's complaint shall therefore be dismissed without prejudice in its entirety for failure to state a claim for which relief may be granted.

IV. **CONCLUSION**

For the reasons expressed above, Plaintiff's complaint (ECF No. 1) shall be **DISMISSED WITHOUT PREJUDICE** for failure to state a claim for which relief may be granted. Plaintiff shall be granted leave to file an amended complaint addressing these deficiencies within thirty days. An order consistent with this Opinion will be entered.

Date: December 5, 2025

                                             s/ Zahid N. Quraishi
                                             **ZAHID N. QURAISHI**
                                             **UNITED STATES DISTRICT JUDGE**